IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PHOTO RESOURCE HAWAI`I, INC., ) | CIVIL NO. 07-00134 DAE-LEK |
| ) | |
|       Plaintiff,     ) | |
| ) | |
|   vs.                ) | |
| ) | |
| AMERICAN HAWAI`I TRAVEL INC., ) | |
| ET AL.,              ) | |
| ) | |
|       Defendants.   ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S MOTION FOR
<u>DEFAULT JUDGMENT AS TO AMERICAN HAWAII TRAVEL INCORPORATED</u>**

Before the Court is Plaintiff Photo Resource Hawaii, Incorporated's ("Plaintiff") Motion for Entry of Default Judgment as to American Hawaii Travel Incorporated ("Motion"), filed October 23, 2007.  Defendant American Hawaii Travel Incorporated ("AHTI") has not responded to the Motion or otherwise appeared in this case.[1]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

---

[1] Plaintiff has not served the summons and complaint upon Defendant Kevin C.F. Chen, who is allegedly the owner of AHTI. Chen has not appeared in this action.  The Court will refer to AHTI and Chen collectively as "Defendants".

## BACKGROUND

The instant action arises from the unauthorized use of eight photographic images on AHTI's website.  Plaintiff, which represents the photographers who created the eight photographic works, learned of the unauthorized use in January 2007.  Plaintiff registered each photographic work with the United States Copyright Office, either as an agent for the photographer or in Plaintiff's own name.  Plaintiff is contractually obligated to protect the copyrights. [Complaint at ¶ 7.]  Seven of the photographic works were registered with the United States Copyright Office on December 30, 1998, and the remaining photographic work was registered on March 14, 2006.  [Exh. A to Complaint.]  The eight photographic works were not "works for hire". [Complaint at ¶ 8.]  Based on its research, Plaintiff believes that Defendants have been using the eight photographic works since approximately early February 2005.  [Mem. in Supp. of Motion at 3.]  Plaintiff argues that this violates its exclusive rights to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 100, *et seq.*  Plaintiff also alleges that Defendants obtained the eight photographic works from a digital catalogue disk and intentionally removed or altered copyright management information from each work. [Complaint at ¶¶ 9-10.]

Beginning January 17, 2007, Plaintiff asked Defendants

to pay a retroactive licensing fee and to cease and desist from using Plaintiff's copyrighted images.  Plaintiff alleges that, as of February 2007, Defendants or Defendants' agents knowingly violated Plaintiff's copyrights by continuing to use the works without Plaintiff's license or consent.  [Id. at ¶¶ 11-13.]

Plaintiff filed the Complaint in the instant action on March 14, 2007.  The Complaint alleges a claim for copyright infringement, in violation of the Copyright Act, 17 U.S.C. §§ 101-803, and a claim for removal or alteration of copyright management information, in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202.[2]  The Complaint seeks: 1) a temporary and permanent injunction enjoining Defendants and all associated persons from infringing Plaintiff's copyrighted

---

[2] Section 1202(b) states:
    No person shall, without the authority of the copyright owner or the law--
        (1) intentionally remove or alter any copyright management information,
        (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
        (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
    knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

phonographs and from violating § 1202; 2) an order requiring Defendants to return, impound, destroy, and/or dispose of any "images, photographs, prints, publications, products, material, or items of clothing bearing any of the images, copies, digital data and/or likeness"; 3) an order that any device or product involved in the violation of § 1202 be impounded, destroyed, and/or disposed of; 4) actual or statutory damages pursuant to 17 U.S.C. §§ 504(c) and 1203(c); 5) costs, including reasonable attorney's fees, pursuant to 17 U.S.C. §§ 505 and 1203(b); and 6) any other appropriate relief.  [Complaint at ¶¶ A-E.]

Plaintiff served AHTI via certified mail, return receipt requested, on July 13, 2007.  AHTI's answer was due on August 2, 2007.  After AHTI failed to respond, Plaintiff obtained an entry of default against AHTI on September 21, 2007.

In the instant Motion, Plaintiff seeks statutory damages against AHTI pursuant to § 504(c)(1) in the amount of $18,000.00.  This amount represents three times the licensing fee that it would have charged for the use of the eight photographic works.  Plaintiff's regular licensing rate for website use is $250.00 per image per year.  Plaintiff alleges that Defendants used the photographic works for more than two years.  Thus, had Defendants obtained a legitimate license, Plaintiff would have charged them $6,000.00.  Plaintiff argues that the district judge should award no less than three times that amount in light of

Defendants' willful infringement.

In addition, Plaintiff argues that Defendants' removal or alteration of the copyright management information on the eight photographic works violated the Digital Millennium Copyright Act.  Plaintiff seeks $30,000 in statutory damages under the Digital Millennium Copyright Act.[3]  Plaintiff emphasizes that the internet has made violation of intellectual property laws much easier and allowed violations to occur on a much greater scale.  Further, internet publication of images after the removal of copyright information allows for further infringement by other parties.  Plaintiff therefore argues that Defendants' conduct was particularly damaging and urges an award of damages to deter further violations and to reinforce the seriousness of the consequences of copyright infringement.

Plaintiff also seeks its full costs and reasonable attorney's fees pursuant to § 505 and § 1203.  Plaintiff requests $5,269.63 in attorney's fees and $386.00 in costs, for a total of $5,655.63.  [Motion, Decl. of Counsel at ¶¶ 5-6.]

Finally, Plaintiff requests that, if the district judge grants the Motion, it direct the entry of final judgment against AHTI pursuant to Federal Rule of Civil Procedure 54(b). Plaintiff states that granting the Motion will adjudicate all

---

[3] Plaintiff notes that the minimum statutory damages would be $2,500.00 per image, for a total of $20,000.00.

claims against AHTI and that it will not delay any of the remaining claims against any remaining party.  Plaintiff states that, if it is able to enforce the judgment against AHTI, it would not need to pursue the case against Chen and it would be willing to dismiss the action against him.

**DISCUSSION**

**I.    Default Judgment**

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). However, a plaintiff who obtains a entry of default is not entitled to default judgment as a matter of right.  See Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003).  Default judgments are disfavored; cases should be decided on the merits if possible.  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006) (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

The factors that the Court must consider in deciding whether to grant default judgment fall largely in Plaintiff's favor:  (1) AHTI's failure to answer or otherwise appear in this action prejudices Plaintiff's ability to achieve any decision in this action; (2) Plaintiff has demonstrated that AHTI illegally used the eight copyrighted photographic works on its website and illegally removed copyright management information from the photographic works; (3) Plaintiff's complaint sufficiently sets forth the elements to support the claim for copyright infringement and the claim for removal or alteration of copyright management information; and (4) there is a significant amount of potential statutory damages at stake.

Two of the seven factors are neutral because AHTI has not appeared in this action: (1) the possibility of a dispute concerning material facts, and (2) whether the default was due to excusable neglect.  The last factor, the strong policy underlying

the Federal Rules of Civil Procedure favoring decisions on the merits, favors denial of the Motion.  This Court finds that, on balance, the record favors granting default judgment.  This Court therefore RECOMMENDS that the district judge GRANT Plaintiff's request for default judgment against AHTI.

**II.   Damages**

The Copyright Act provides for statutory damages as follows:

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, . . . in a sum of not less than $750 or more than $30,000 as the court considers just. . . .
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. . . .

17 U.S.C. § 504(c).  Courts have wide discretion in determining the amount of statutory damages, within the allowable range.  See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001).  Statutory damages should bear some relation to the plaintiff's actual damages, but they will not correspond exactly because of the difficulty in proving actual damages.  See Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc., 670 F. Supp. 1133, 1140

(E.D.N.Y. 1987).

In the present case, Plaintiff requests $18,000 in statutory damages under the Copyright Act.  This is three times the amount that Plaintiff would have received had AHTI obtained a license to use the eight photographic works.  Further, AHTI continued to use the photographic works after Plaintiff notified AHTI that the use infringed upon Plaintiff's copyrights.  Plaintiff has established that AHTI wilfully infringed upon Plaintiff's copyrights.  This Court therefore finds that Plaintiff's request for $18,000.00 in statutory damages under the Copyright Act is appropriate under the circumstances.

Plaintiff also seeks $30,000.00 in damages under the Digital Millennium Copyright Act, which provides:

> (1) In general.--Except as otherwise provided in this title, a person committing a violation of section 1201 or 1202 is liable for either--
>     (A) the actual damages and any additional profits of the violator, as provided in paragraph (2), or
>     (B) statutory damages, as provided in paragraph (3).
> . . . .
> (3) Statutory damages.- . . . .
>     (B) At any time before final judgment is entered, a complaining party may elect to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000.

17 U.S.C. § 1203(c).

Plaintiff has established that AHTI took the eight photographic works from a catalogue disk and removed or altered

the copyright management information which appears on each image. Plaintiff established that AHTI violated § 1202 and Plaintiff is entitled to statutory damages of at least $2,500.00 per violation. This Court finds that Plaintiff's request of $30,000.00 in statutory damages under the Digital Millennium Copyright Act is reasonable under the circumstances of this case.

This Court therefore RECOMMENDS that the Motion be GRANTED as to Plaintiff's request for $18,000.00 in statutory damages under the Copyright Act and $30,000.00 in statutory damages under the Digital Millennium Copyright Act.

### III. **Injunctive Relief**

Plaintiff's complaint requests temporary and permanent injunctions enjoining and restraining Defendants, AHTI's "directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants from infringing Plaintiff's copyrighted photographs and from violating 17 U.S.C. § 1202[.]" [Complaint at ¶ A.] Temporary and permanent injunctions are available under both the Copyright Act and the Digital Millennium Copyright Act. See 17 U.S.C. §§ 502(a) and 1203(b)(1). The United States Supreme Court has emphasized that a plaintiff seeking a permanent injunction in a copyright infringement action must establish that:

> (1) that it has suffered an irreparable injury;
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of

> hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837, 1839 (2006) (citations omitted). The Supreme Court "has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." Id. at 1840. Thus, after eBay, courts have criticized the sometimes automatic practice of granting permanent injunctions after the entry of a default judgment. See, e.g., Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., -- F. Supp. 2d. --, available at Nos. CV 01-8541 SVW (FMOx), CV 01-9923 SVW (FMOx), 2007 WL 3227684, at *39 n.10 (C.D. Cal. Oct. 16, 2007) (citing e360 Insight v. The Spamhaus Project, 500 F.3d 594, 603-04 (7th Cir. 2007)).

In light of the recent case law frowning upon the automatic issuance of permanent injunctions upon the entry of default judgment in copyright infringement cases, this Court RECOMMENDS that the district judge DENY Plaintiff's request for a permanent injunction against AHTI and GRANT Plaintiff's request for a temporary injunction against AHTI. If Plaintiff seeks a permanent injunction, an evidentiary hearing should be held to determine the necessity of a permanent injunction.

Plaintiff also seeks an order requiring Defendants to:

1) return, impound, destroy, and/or dispose of any "images, photographs, prints, publications, products, material, or items of clothing bearing any of the images, copies, digital data and/or likeness"; and 2) impound, destroy, and/or dispose of any device or product involved in the violation of § 1202. [Complaint at ¶¶ B-C.]  Both the Copyright Act and the Digital Millennium Copyright Act provide for such relief.  See 17 U.S.C. §§ 503(b), 1203(b)(2) and (6).  The Court therefore RECOMMENDS that the district judge GRANT Plaintiff's Motion with regard to these requests.

## IV. Attorney's Fees & Costs

Both the Copyright Act and the Digital Millennium Copyright Act allow a district court to award reasonable attorney's fees and costs to the prevailing party.  See 17 U.S.C. §§ 505, 1203(b)(4)-(5).

### A. Attorney's Fees

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on

an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar

figure should only be adjusted in rare and exceptional cases).

Plaintiff requests the following lodestar amount for attorney's fees it incurred in this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| J. Stephen Street | 11.1 | $275 | $3,052.50 |
| Dana Lyons | 6.8 | $120 | $ 816.00 |
| Karen Winter | 9.7 | $120 | $1,164.00 |
| | | Subtotal | $5,032.50 |
| Hawai`i General Excise Tax @ 4.712% | | | $ 237.13 |
| | | **Total** | **$5,269.63** |

[Motion, Decl. of Counsel at ¶ 5.] Mr. Street was admitted to the Hawai`i bar in 1975. Mr. Lyons was admitted in 2006 and Ms. Winter was admitted in 2005.

### A.   Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). Although attorneys are required to submit additional evidence that the rate charged is reasonable, see

Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987), this Court is well aware of the prevailing rates in the community.

Based on this Court's knowledge of the prevailing rates in the community, this Court finds the requested hourly rates to be manifestly reasonable.

### B.    **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

The majority of counsel's requested hours are

reasonable.  The Court, however, will deduct 0.3 hours from Mr. Street's time for work that is clerical in nature and 0.3 hours from Ms. Lyons' time for duplicative work.

### C. Total Lodestar Award

Based on the foregoing, this Court finds that Plaintiff has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| J. Stephen Street | 10.8 | $275 | $2,970.00 |
| Dana Lyons | 6.8 | $120 | $ 816.00 |
| Karen Winter | 9.4 | $120 | $1,128.00 |
|  |  | Subtotal | $4,914.00 |
| Hawai`i General Excise Tax @ 4.712% | | | $ 231.55 |
| **Total Lodestar Award** | | | **$5,145.55** |

The Court declines to adjust this amount based on the Kerr factors and RECOMMENDS that the district judge award Plaintiff attorney's fees in the amount of $5,145.55.

### B. Costs

Plaintiff incurred costs of $386.00, representing the $350.00 filing fee and $36.00 certification fee.  [Motion, Decl. of Counsel at ¶ 6.]  The Court finds these costs to be manifestly reasonable and RECOMMENDS that the district court award Plaintiff's requested costs in full.

**V.     Rule 54(b) Certification**

Finally, although the instant Motion does not dispose of Plaintiff's claims against Chen, Plaintiff requests the certification of final judgment against AHTI.  Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

If Plaintiff does not contest the denial of the request for permanent injunction, the instant Motion will dispose of all of Plaintiff's claims against AHTI.  Plaintiff never affected service of the summons and complaint on Chen and Chen has never appeared in this action.  Plaintiff is willing to dismiss its claims against Chen if it is able to enforce judgment against AHTI.  If Plaintiff does not seek a permanent injunction against AHTI, this Court FINDS that there is no just reason to delay the entry of final judgment against AHTI and RECOMMENDS that the district judge GRANT Plaintiff's request to certify final judgment against AHTI pursuant to Rule 54(b).  The Court RECOMMENDS that the district judge DENY Plaintiff's request for Rule 54(b) certification if Plaintiff seeks a permanent injunction against AHTI.

**CONCLUSION**

On the basis of the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Motion for Entry of Default Judgment as to American Hawai`i Travel Incorporated, filed October 23, 2007, be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district court:

1) enter default judgment against AHTI;

2) award Plaintiff $18,000.00 in statutory damages under the Copyright Act and $30,000.00 in statutory damages under the Digital Millennium Copyright Act, for a total of $48,000.00;

3) issue a preliminary injunction enjoining and restraining AHTI, and AHTI's directors, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with AHTI, from infringing Plaintiff's copyrighted photographs and from violating 17 U.S.C. § 1202;

4) deny Plaintiff's request for a permanent injunction against AHTI without prejudice;

5) order AHTI to return any copyrighted original images, photographs, prints, publications, products, material, or items of clothing bearing any of the images, copies, digital data and/or likenesses of Plaintiff's copyrighted works to Plaintiff immediately;

6)     order AHTI to destroy or dispose of any device or product involved in the violation of § 1202;

7)     award Plaintiff $5,145.55 in attorney's fees and $386.00 in costs; and

8)     certify final judgment against AHTI if Plaintiff does not seek a permanent injunction against AHTI.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, December 12, 2007.



          /S/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States Magistrate Judge

**PHOTO RESOURCE HAWAI`I, INC. V. AMERICAN HAWAI`I TRAVEL INC., ET AL; CIVIL NO. 07-00134 DAE-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO AMERICAN HAWAII TRAVEL INCORPORATED**